**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MARTIN J. WALSH, : | |
| SECRETARY OF LABOR, : | |
| U.S. DEPARTMENT OF LABOR : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL NO. 1:21-cv-01063-RDA-TCB |
| : | |
| INTERNATIONAL TELEPRODUCTION : | |
| SOCIETY 401(K) SAVINGS AND : | |
| DISCRETIONARY CONTRIBUTION PLAN, : | |
| : | |
| Defendant. : | |

**MOTION FOR SERVICE BY PUBLICATION
AND MEMORANDUM IN SUPPORT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), moves for an Order for substituted service via publication pursuant to Federal Rule of Civil Procedure 4(e), and Virginia Code sections 8.01-316 and 317 and to extend the time for service. The International Teleproduction Society 401(k) Savings and Discretionary Contribution Plan (the "Plan") presently has no Plan Administrator or Trustee. The sponsor of the Plan, International Teleproduction Society, Inc. (the "Company") is a foreign corporation; however, the Company ceased all operations in 2001. The Secretary, despite using diligence, has been unable to locate an agent to be served.

In support of this Motion, the Secretary attaches (i) the Declaration of Bindu A. George, senior investigator of the Employee Benefits Security Administration, United States Department of Labor ("EBSA") as required by Virginia Code section 8.01-316, as Exhibit A ("Ex. A"), with attachments, and the draft Notice of Publication, as Exhibit B ("Ex. B"), and asserts as follows:

I.  **Background**

This matter arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Plan was formed in late 1996 or early 1997 and offers retirement benefits to its participants, who were employees of the Company. (Ex. A, ¶¶ 8, 3.) The Plan exists without a named fiduciary and without its assets being held in trust by a trustee. (*Id.*, ¶ 4.) The Company was the Plan sponsor, but ceased operations in approximately 2001. (*Id.*, ¶¶ 5, 6.)

From at least 2001, no individual or entity has come forward to assume fiduciary responsibility for the Plan or to distribute the Plan's assets to the Plan's remaining three participants, and there is no fiduciary actively functioning on behalf of the Plan.  (Compl., ECF No. 1; Ex. A.) The former President of the Company, Terrence Rainey, denied any involvement with the functioning of the Plan during the few years it was in operation, and denied having the authority or ability to terminate the Plan and distribute the assets to the three remaining participants. (*Id.*, ¶ 7-8.) Mr. Rainey also relayed that he did not have any Plan documents, and that a prior search for the Plan documents was unsuccessful. (*Id.*).

The Plan's sponsor, the Company, was formed in 1969 under the laws of New York (*Id.*, ¶ 6, and Attachments 1 and 3 (New York State Department of State records for the Company; and, the Plan's Form 5500, wherein the Sponsor of the Plan is listed as the Company.) The New York State Department of State records do not contain any current registered agent information for the Company, and the last filing by the Company was in or about 1989. (*Id.*, and Attachment 1.) The former President of the Company, Mr. Rainey, asserts that the Company ceased all operations in 2001. (*Id.*, ¶ 7-8.) Moreover, the last annual report filed by the Plan with the Secretary was for the year 2001. (*Id.*, ¶ 12, and Attachment 3; *see also* 29 U.S.C. 103 (requiring

annual reports to be filed by the Plan with the Secretary.)

Although the Company moved its operations from New York City to Virginia in or about 1996, the Company could not be located in the Virginia State Corporation Commission's business entity database. (*Id.*, ¶ 9, and Attachment 2.) Therefore, it appears that the Company was never registered to do business in the Commonwealth of Virginia. (*Id.*)

EBSA has issued numerous subpoenas for documents, and conducted and sought interviews to ascertain an agent or other proper party in order to effectuate service of process of the Complaint on the Plan in this matter, to no avail. (Ex. A.) The undersigned also inquired with the New York Department of State regarding the Company's filings in order to attempt to ascertain an agent to no avail.

## II.     Argument

On September 16, 2021, the Secretary filed this matter against the Plan seeking equitable relief to redress violations of ERISA under 29 U.S.C. sections 402 and 403, and requesting the appointment of an independent trustee and fiduciary to administer the Plan and distribute the Plan's assets to its participants and beneficiaries. (Compl., ECF No. 1.) In order to effectuate service upon the Plan, the Secretary may serve a trustee or an administrator of a Plan. 29 U.S.C. §1370(b). If the plan has not designated an individual as agent for the service of legal process, service upon any contributing sponsor of the plan will also constitute service. *Id.*

Pursuant to Federal Rule of Civil Procedure 4(e), service upon an individual defendant (or corporation[1]) may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1). In this Virginia matter, service by the alternate means of publication is proper because

---

[1] *See also* Fed. R. Civ. P. 4(h) (a foreign corporation is served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual).

(i) there is no trustee or administrator of the Plan and (ii) the sponsor of the Plan, the Company, is a defunct foreign corporation and this action requests the Court to determine the rights to the property held in the Plan, and is thus *in rem*. *See* Va. Code § 8.01-301 (service of process on a foreign corporation may be effected by order of publication in accordance with §§ 8.01-316 and 8.01-317 where jurisdiction in rem or quasi in rem is authorized, regardless of whether the foreign corporation so served is authorized to transact business within the Commonwealth); *see also Cranford v. Hubbard*, 208 Va. 689, 691 (1968), citing *Clem v. Given's Ex'r*, 106 Va. 145 (1906) (service by publication is ordinarily sufficient in proceedings in rem, or quasi in rem, where the res to be affected by the litigation is within the jurisdiction of the court).

In the Commonwealth of Virginia, Virginia Code § 8.01-316 *et seq.* govern constructive service by publication. Under section 8.01-316, the party moving for an order of publication must state in the affidavit "[t]hat diligence has been used without effect to ascertain the location of the party to be served." Virginia Code § 8.01-316(A)(1)(b). In addition, the statute requires that the affidavit contain the party's last-known post-office address, or if it is unknown, the affidavit must say so. *Id.*

Separately, section 8.01-317 prescribes the requirements for an order of publication. The order must (1) "give the abbreviated style of the suit," (2) "state briefly its object," and (3) "require the defendants ... against whom it is entered to appear and protect their interests on or before the date stated in the order which shall be no sooner than fifty days after entry of the order of publication." Va. Code § 8.01-317. Next, the "order must be published once per week for four consecutive weeks, should be posted at the front door of the courthouse, and a copy of the order mailed to the last known post office address of the defendant." *S. Bank & Tr. Co. v. Sept. Song LLC*, No. 2:13cv591, 2014 WL 1404523, at *2 (E.D. Va. Apr. 9, 2014) (citing Virginia Code §

8.01-317). Lastly, upon publication, a certificate must be filed on the docket stating that the plaintiff has complied with the statute's requirements. *Id.*

Despite systematic investigation and inquiry, the Secretary cannot serve the Plan in another manner pursuant to Virginia law. Therefore, the Secretary requests an order of publication allowing service by publication of the Notice, attached as Ex. B, in accordance with the requirements of Virginia Code sections 8.01-316 and 317. In addition, the Secretary will send the Notice to the former President of the Company via first class mail and certified mail as an additional means of notifying any interested parties of this matter.

Moreover, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Secretary moves the Court to extend the time for service for thirty (30) days based upon the diligence to serve the Plan to no avail. Thus, good cause exists to extend the time for service in order to allow service of the Complaint by the alternative means of publication, as required by section 8.01-317.

Wherefore, the Secretary respectfully requests the Court issue an Order of Publication in this matter and requests that the time to serve process on the Plan be extending to and including April 1, 2021.

Dated: February 11, 2021

Respectfully submitted,

|  |  |
|---|---|
| Mailing Address:<br><br>U.S. Department of Labor<br>Office of the Regional Solicitor<br>201 12th Street South – Suite 401<br>Arlington, VA 22202-5450<br>O:  202-693-9359<br>F:   202-693-9392<br>france.angela.h@dol.gov | **UNITED STATES DEPARTMENT OF LABOR**<br><br>Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>Richard T. Buchanan<br>Deputy Regional Solicitor<br><br>*/s/ Angela H. France*<br>Angela H. France<br>Trial Attorney<br>VA Bar No. 46862<br><br>Attorneys for Plaintiff<br>U.S. Department of Labor |