**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MARTIN J. WALSH, : <br> SECRETARY OF LABOR, : <br> U.S. DEPARTMENT OF LABOR : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> INTERNATIONAL TELEPRODUCTION : <br> SOCIETY 401(K) SAVINGS AND : <br> DISCRETIONARY CONTRIBUTION PLAN, : <br> : <br> Defendant. : | CIVIL NO. 1:21-cv-01063-RDA-TCB |

**DECLARATION OF BINDU A. GEORGE**

I, Bindu A. George, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am employed as a senior investigator in the Philadelphia Region of the Employee Benefits Security Administration, United States Department of Labor ("EBSA").

2. I was assigned to assist in an investigation of the International Teleproduction Society 401(k) Savings and Discretionary Contribution Plan (the "Plan") to determine whether any violations of Title I of ERISA occurred related to undistributed assets.

3. Based on the investigation conducted by EBSA, the Plan is an employee benefit plan that offered retirement benefits to its participants, who were employees of the International Teleproduction Society, Inc. d/b/a ITS ("Company").

4. Based on information obtained by EBSA, there is no Plan Trustee or Administrator.

5. Based on my investigation and information obtained by EBSA, the Company is the sponsor of the Plan, as the term is defined at 29 U.S.C. § 1002(16)(B)(i).

6. According to the New York State Department of State ("NYSDS") records, the Company was formed in 1969 under the laws of New York. (Attachment 1, New York State Department of State record.) The NYSDS records do not contain any registered agent information for the Company. (*Id.*) The last filing by the Company was in or about 1989. (*Id.*, the Company's fictitious name certificate filing, dated 1989).

7. During the course of my investigation, on March 1, 2021, I conducted an interview of the former President of the Company, Terrence Rainey. Mr. Rainey relayed that he was the President of the Company for approximately five years. In or about 1996, Mr. Rainey told me that the Company moved its operations from New York City to Virginia, and the Company ceased operations circa 2001.

8. Mr. Rainey also told me that the Plan was created in late 1996 or early 1997. He said he was not a trustee of the Plan. He denied any involvement with the functioning of the Plan during the few years it was in operation, and denied having the authority or ability to terminate the Plan and distribute the assets to the three remaining participants. Mr. Rainey also relayed that he did not have any Plan documents, and that a prior search for the Plan documents was unsuccessful. Mr. Rainey's last known address is 3855 Griffin Road, Clinton, New York 13323.

9. Based on an entity search with the Virginia State Corporation Commission, there are no records for the Company; therefore, it appears that the Company was never registered to do business in Virginia. (Attachment 2, Virginia State Corporation Commission entity search results.)

10. The Company has been out of business for nearly twenty years, and its last known office address was 527 Maple Avenue East, Suite 204, Vienna, Virginia 22180 per the Plan's Form 5500 annual report for 2001. (Attachment 3, the Plan's 2001 Form 5500 report.) However, based on my investigation, the Company is defunct and is not a tenant or operate any business at this location. (Attachment 4, current tenant at the address located at 527 Maple Avenue East, Suite 204, Vienna, Virginia 22180).

11. Despite numerous subpoenas, interviews and a diligent search, EBSA has been unable to locate any Plan documents.

12. The last Form 5500 filed for the Plan was for the Plan Year ending December 31, 2001. (Attachment 3.)

13. Based on the information obtained by EBSA and documentation produced pursuant to an EBSA subpoena *duces tecum*, American Funds Service Company ("AFSC") located in Virginia holds an account registered in the name of the Plan with three plan participant accounts; however, AFSC does not serve in the capacity of a Plan fiduciary or a custodian of the Plan's assets.

14. Based on information obtained by EBSA, from at least 2001, no individual or entity has come forward to assume fiduciary responsibility for the Plan or to distribute the Plan's assets to the Plan's remaining three participants, and there is no fiduciary actively functioning on behalf of the Plan.

15. Despite diligence, EBSA has been unable to locate an agent authorized to accept service on behalf of the Plan.

Dated: February 11, 2022            *Bindu A. George*
                                    _____
                                    Bindu A. George