**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| MARTIN J. WALSH, *Acting Secretary of Labor, United States Department of Labor*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Civil Action No. 1:21cv1063 (RDA/WEF) ) |
| INTERNATIONAL TELEPRODUCTION SOCIETY 401(k) SAVINGS AND DISCRETIONARY CONTRIBUTION PLAN, | ) ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 12).[1]

For the reasons articulated below, the undersigned recommends that Plaintiff's Motion be granted.

I. BACKGROUND

**A.      Procedural Posture**

Plaintiff, Martin J. Walsh, Secretary of the United States Department of Labor ("Plaintiff or the "Secretary"), filed this lawsuit on September 16, 2021, against Defendant International Teleproduction Society 401(k) Savings and Discretionary Contribution Plan ("Defendant") pursuant to the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. § 1001, *et seq.*, ("ERISA").

Defendant has failed to appear or otherwise respond in this matter.  After the Clerk entered

---

[1] The relevant filings before the Court include Plaintiff's Complaint ("Compl.") (Dkt. 1); Plaintiff's Motion for Default Judgment ("Mot. Default J.") (Dkt. 12); Memorandum of Law in Support of Plaintiff's Motion for Default Judgment ("Mem. Supp.") (Dkt. 13); Declaration of Bindu A. George ("George Decl.") (Dkt. 13-1); and all attachments and exhibits submitted with those filings.

Defendant's default, Plaintiff filed the instant motion and accompanying memorandum.  (Dkts. 10, 12, 13.)  On October 7, 2022, the undersigned held a hearing on Plaintiff's Motion for Default Judgment.  Defendant again failed to appear, and the undersigned took this matter under advisement to issue this Report and Recommendation.  (Dkt. 20.)

### B.  Jurisdiction and Venue

Before entering default judgment, the Court must be satisfied that it has proper (1) subject-matter jurisdiction, (2) personal jurisdiction, and (3) venue.

*Subject-matter jurisdiction*

The undersigned first finds that this Court has subject-matter jurisdiction over the claims in this matter.  Federal district courts have subject-matter jurisdiction over ERISA actions pursuant to the jurisdictional provision in the statute.  *See* 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary.")  Furthermore, a federal district court has original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Here, because the Secretary of Labor is asserting claims under ERISA, a federal statute, this Court has subject-matter jurisdiction over this cause of action.  (*See* Compl. ¶ 1; Mem. Supp. at 2–3.)

*Personal jurisdiction and venue*

Furthermore, this Court has personal jurisdiction over Defendant and venue is proper. Personal jurisdiction and venue in ERISA cases are governed by 29 U.S.C. § 1132(e)(2), which provides that a plaintiff may bring a civil action in any federal judicial district where the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found.  In this case, personal jurisdiction over Defendant and venue are proper in this Court because the Defendant benefit plan—the International Teleproduction Society 401(k) Savings and

Discretionary Contribution Plan—was last administered in Vienna, Virginia, which is in this judicial district.  (Compl. ¶ 4.)

C.    **Service of Process**

Lastly, before the Court can render default judgment, it must be satisfied that the defaulting party has been properly served.  In order to effectuate service upon a benefits plan, the Secretary may serve a trustee or administrator of the plan.  29 U.S.C. § 1370(b).  If the plan does not have a designated individual as an agent for service, "service upon any contributing sponsor of the plan shall constitute such service."  *Id.*  Here, the Defendant plan has no trustee or administrator, nor does it have an agent for service.  (*See* Mem. Supp. at 2; George Decl. ¶ 4.)  International Teleproduction Society, Inc. is the sponsor of the plan, and therefore Plaintiff may effect service upon the company.  (Compl. ¶ 7; Mem. Supp. at 1.)  International Teleproduction Society, Inc. is a now-defunct foreign corporation.  (Dkt. 2 at 4; Mem. Supp. at 1.)

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a foreign corporation in the manner prescribed by Rule 4(e)(1), *i.e.*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Virginia Code provides that a foreign corporation may be served by publication. *See* Va. Code §§ 8.01-301, 8.01-416(1)(a).  Under § 8.01-316, the party moving for an order of publication must state in an affidavit "[t]hat diligence has been used without effect to ascertain the location of the party to be served."  *Id.* § 8.01-316(A)(1)(b).  Furthermore, the statute requires that the affidavit contain the party's last-known post-office address, or if it is unknown, the affidavit must say so.  *Id.* § 8.01-316(A)(3).

Separately, § 8.01-317 prescribes the requirements for an order of publication.  The order must (1) "give the abbreviated style of the suit," (2) "state briefly its object," and (3) "require the

defendants . . . against whom it is entered to appear and protect their interests on or before the date stated in the order which shall be no sooner than fifty days after entry of the order of publication." *Id.* § 8.01-317. Next, the "order must be published once per week for four consecutive weeks, should be posted at the front door of the courthouse, and a copy of the order mailed to the last known post office address of the defendant." *S. Bank & Tr. Co. v. Sept. Song LLC*, No. 2:13cv591, 2014 WL 1404523, at *2 (E.D. Va. Apr. 9, 2014) (citing § 8.01-317). Lastly, upon publication, a certificate must be filed on the docket stating that the plaintiff has complied with the statute's requirements. *Id.*

Here, Plaintiff moved for leave to serve process by publication and submitted a supporting affidavit. (Dkt. 2.) The affidavit states that Plaintiff conducted its diligence but could not locate the current address of International Teleproduction Society, Inc. and provides the company's last known address (as well as its former president's last known address). (Dkt. 2-1 at ¶¶ 6–10.) On February 15, 2022, the Court granted Plaintiff's request to serve Defendant via publication, requiring Plaintiff to comply with Va. Code § 8.01-316 and 317. (Dkt. 6.) On April 1, 2022, Plaintiff filed a Certificate of Publication, accompanied by a supporting affidavit, confirming the publication notice was published once a week for four consecutive weeks, was posted at the courthouse, and was mailed to the former company president at his last known address, and otherwise complied with Va. Code § 8.01-316 and 317. (Dkt. 7.)

Upon review of Plaintiff's filings, the undersigned finds Plaintiff properly served process on Defendant.

## II. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.    **Default Judgment Standard**

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the

plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (internal quotation marks and citations omitted)). Consequently, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (citations omitted).

### B.    The Parties

Plaintiff is the Secretary of Labor, who has the authority to enforce Title I of ERISA by pursuing claims against fiduciaries or others who commit ERISA violations. *See* 29 U.S.C. §§ 1132(a)(2), (5). The Secretary brought this lawsuit against International Teleproduction Society 401(k) Savings and Discretionary Contribution Plan ("Defendant") under Section 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin Defendant's actions in violation of ERISA, as well as Section 409 of ERISA, 29 U.S.C. § 1109, to obtain appropriate relief for Defendant's breaches of their fiduciary duties. (Compl. ¶¶ 1, 13–15.)

Defendant is an employee-benefits plan within the meaning of ERISA, 29 U.S.C. § 1002(3), and is therefore covered under ERISA pursuant to 29 U.S.C. 1003(a). (Compl. ¶ 3.) Defendant's sponsor, International Teleproduction Society, Inc., was a video production company formed in 1969 and formed the Defendant plan in late 1996 or early 1997, which offers retirement benefits to its participant employees of the company. (Compl. ¶ 3; Mem. Supp. at 2.) However, International Teleproduction Society, Inc. ceased operations in approximately 2001, and

Defendant plan now has no administrator or trustee.  (Compl. ¶¶ 7–8.)  Since 2001, no individual or entity has assumed fiduciary responsibility for the Defendant plan and as a result the plan's three remaining participants are unable to obtain distributions of funds.  (Compl. ¶¶ 10–11.)

### C.     Defendant's ERISA Violations

*Section 402*

Plaintiff first alleges that Defendant violated Section 402 of ERISA, 29 U.S.C. § 1102(a)(1).  Section 402 requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument," and "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan."  Here, since sponsor International Teleproduction Society, Inc. ceased operations in 2001, Defendant plan has not had an administrator or trustee or any fiduciary assume responsibility for the operation and administration of the plan.  (Compl. ¶¶ 8, 10–11.)  Accordingly, the undersigned finds that Plaintiff has sufficiently pleaded Defendant's violation of Section 402 under ERISA.

*Section 403*

Plaintiff further alleges that Defendant violated Section 403 of ERISA, 29 U.S.C. § 1103.  Section 403(a) requires that "all assets of an employee benefit plan shall be held in trust by one or more trustees."  Here, since 2001, Defendant plan has not had a trustee.  (Compl. ¶ 8; Dkt. 2-1 at 14.)  Accordingly, the undersigned finds that Plaintiff has sufficiently pleaded Defendant's violation of Section 402 under ERISA.

### III.  REQUESTED RELIEF

Under ERISA, the Secretary may seek to enjoin any act or practice that violates Title I of ERISA, obtain other appropriate equitable relief to redress such violations, or enforce any such

provisions. 29 U.S.C. § 1132(a)(2), (5). In order to redress Defendant's violations of Sections 402 and 403 of ERISA, Plaintiff requests the Court appoint AMI Benefit Plan Administrators, Inc. ("AMI") to "Independent Fiduciary" to the Defendant plan, in which role AMI will "act as the trustee, administer the Plan, and distribute the Plan's assets to its participants and beneficiaries." (Mem. Supp. at 7.) While ERISA does not specifically address the appointment of an independent fiduciary, ERISA provides the Court broad discretion in determining relief for ERISA violations. *See* 29 U.S.C. §§ 1109(a), 1132(a). In support of its request for this relief, Plaintiff submits an affidavit that states AMI "specializes in Fiduciary Plan Administration services and has an extensive history assisting the Department of Labor with similar cases." (George Decl. ¶ 18.) AMI will be compensated for performance of its duties and costs incurred up to the amount of $1,510 in reasonable fees and expenses, which may be paid from the Defendant plan's assets. (Mem. Supp. at 7; George Decl. ¶ 19.) All other assets of Defendant will be disbursed to the remaining plan participants. (Mem. Supp. at 7.)

Upon consideration of Plaintiff's requested relief, the undersigned recommends appointing AMI as Independent Fiduciary, under the terms and conditions requested by Plaintiff.

## IV. Recommendation

Upon review of Plaintiff's filings in this matter and entire record, the undersigned recommends that the Court: (1) enter default judgment against Defendant for violations of ERISA Sections 402 and 403; (2) appoint AMI as Independent Fiduciary, to be compensated for the performance of its duties and costs incurred up to the amount of $1,510 paid from the Defendant plan's assets; and (3) order AMI to act as the trustee of the plan, administer the plan, and distribute the plan's assets to its participants and beneficiaries.

## V. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

*William C. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

October 19, 2022
Alexandria, Virginia